# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| MAILEE LODGE | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:03-CR-59 |
| | ) | NO. 2:05-CV-342 |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to address a motion to vacate, correct or set aside a sentence pursuant to 28 U.S.C. § 2255 filed by the petitioner Mailee Lodge. She has alleged four grounds which she contends entitle her to relief. The first two grounds are based upon her contention that she is entitled to a review of her sentence under *United States v. Booker*, 125 S.Ct. 738 (2005)*,* the third ground challenges the evidence used to obtain her conviction, and the fourth ground is an allegation of the ineffective assistance of her trial counsel.

## *PROCEDURAL BACKGROUND*

In July 2003, the petitioner was charged in a thirty-four- count indictment with conspiracy, health care fraud, use of unauthorized access devices, i.e. credit cards, engaging in monetary transactions over $10,000 in criminally derived property, engaging in financial transactions in the proceeds of unlawful activity

with the intent to promote unlawful activity, and obtaining controlled substances by fraud. At the conclusion of her two-week trial on December 19, 2004, the petitioner was found guilty on twenty-five of the thirty-four counts: Count 1 which charged her with conspiracy, Counts 5-20 which charged her with health care fraud, Counts 21-22which charged her with fraudulent use of unauthorized credit cards, Counts 24-25 which charged her with monetary transactions in criminally derived funds, Counts 28-29 which charged her with financial transactions to promote unlawful activity, and Counts 33-34 which charged her with obtaining drugs by fraud. The petitioner was sentenced in March 2005 to 60 months imprisonment followed by 3 years of supervised release and was also ordered to pay restitution totaling $1,311,848.64 and special assessments totaling $2,500. After the entry of judgment on March 17, 2005, the petitioner filed a notice that she was waiving her right to appeal her conviction and sentence. She timely filed her § 2255 motion on December 27, 2005.

*ANALYSIS*

The Supreme Court has established a two-pronged test for evaluating ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail under that test, the petitioner must show both (1) that counsel's performance was deficient and (2) that this

with the intent to promote unlawful activity, and obtaining controlled substances by fraud. At the conclusion of her two-week trial on December 19, 2004, the petitioner was found guilty on twenty-five of the thirty-four counts: Count 1 which charged her with conspiracy, Counts 5-20 which charged her with health care fraud, Counts 21-22which charged her with fraudulent use of unauthorized credit cards, Counts 24-25 which charged her with monetary transactions in criminally derived funds, Counts 28-29 which charged her with financial transactions to promote unlawful activity, and Counts 33-34 which charged her with obtaining drugs by fraud. The petitioner was sentenced in March 2005 to 60 months imprisonment followed by 3 years of supervised release and was also ordered to pay restitution totaling $1,311,848.64 and special assessments totaling $2,500. After the entry of judgment on March 17, 2005, the petitioner filed a notice that she was waiving her right to appeal her conviction and sentence. She timely filed her § 2255 motion on December 27, 2005.

*ANALYSIS*

The Supreme Court has established a two-pronged test for evaluating ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail under that test, the petitioner must show both (1) that counsel's performance was deficient and (2) that this

deficiency prejudiced him. *Strickland*, 466 U.S. at 687; *Gillette v. Tansy*, 17 F.3d 308, 310 (10th Cir. 1994).

Judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.' " *Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689); accord *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L.Ed.2d 305 (1986).

When a defendant files a § 2255 motion, she must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F. 2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F. 2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F. 2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F. 2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn.

1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a non-constitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

## *GROUNDS 1 AND 2- BOOKER ISSUES*

Although the petitioner asserts that she is entitled to a remand and a review of her sentence under *Booker*, the Court's order dated February 9, 2005, [Doc. 135], ordered the parties to file a sentencing memorandum in regard to the

4

appropriate sentence in view of the holding in *Booker*. In addition, the Court's order dated March 1, 2005, [Doc. 138], specifically states:

> In view of the holding in *United States v. Booker*, 125 S.Ct. 738 (2005),the Court FINDS that the defendant's Motion for Downward Departure is MOOT. However, the Court will consider the factors raised by the defendant in connection with the Court's analysis of a reasonable sentence under Title 18 § 3553(a) of the United States Code.

Subsequently, the government filed a brief in regard to the *Booker* issues, [Doc. 136], and the petitioner also filed a brief addressing the application of *Booker* to this case. [Doc. 137]. At the petitioner's sentencing on March 7, 2005, the Court addressed the factors set out in 18 U.S.C. § 3553(a) pursuant to *Booker*, treating the sentencing guidelines as advisory, rather than mandatory.

Therefore, the grounds asserted by the petitioner in regard to the Court's failure to apply *Booker* in arriving at her sentence are meritless.

### *GROUNDS 3 AND 4- ISSUES WITH NO FACTUAL OR LEGAL BASIS*

In this case, the petitioner failed to present the factual basis of her assertion on the following issues and failed to present the legal basis that such actions were objectively deficient performance and prejudicial under *Strickland*.

3. Guilty conviction was based upon the testimony of

> another defendant in the matter and falsified documents.
> The primary witness in the trial of the movant was her
> husband who was the principal party in the indictment.
> Testimony and documents entered into evidence against
> the movant were false and movant was unable to
> challenge the validity of such evidence.
>
> 4. Movant's legal counsel did not successfully challenge
> the validity of the testimony and evidence at trial. Legal
> Counsel did not maintain strong communications with
> movant and advised movant of proceedings.

These grounds are merely conclusory and are not substantiated by allegations of fact, and therefore, are not sufficient to warrant a hearing or relief in this case. *O'Malley*, 285 F. 2d at 735 .


## *CONCLUSION*

Because the record conclusively shows that the petitioner is not entitled to relief on any of her issues, this Court will not conduct an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986). Accordingly, it is hereby **ORDERED** that petitioner's motion pursuant to § 2255 is **DENIED**. [Doc. 147].

Inasmuch as the petitioner did not allege a substantial showing of the denial of a constitutional right, it is also **ORDERED** that the petitioner is **DENIED** a certificate of appealability. Fed. R. App. 22(b); *Lyons v. Ohio Adult*

*Parole Authority*, 105 F.3d 1063 (6th Cir. 1996). The Court also **FINDS** that the petitioner is indigent for purposes of appeal. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE